**3**

D. HANKS v. STATE. (No. 10889.) Court of Criminal Appeals of Texas. April 13, 1927. Appeal from District Court, Clay County; Vincent Stine, Judge, Frank Holaday, of Henrietta, and C. O. Taylor, of Wichita Falls, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The conviction is for the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year. Upon the written request of the appellant, duly verified by his affidavit, the appeal is ordered dismissed.

---

**4**

Ex parte J. C. HILL. (No. 10929.) Court of Criminal Appeals of Texas. April 27, 1927. Appeal from District Court, Crosby County; Homer L. Pharr, Judge. L. A. Wicks, of Rawls, and Bledsoe & Crenshaw, of Lubbock, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Relator was indicted for rape upon his 15 year old daughter. Upon habeas corpus hearing for bail, no criminative evidence was introduced by the state, save that of prosecutrix. Bail being denied, relator appeals. Prosecutrix claims that appellant had been having intercourse with her since she was 9 years old, and that the last act occurred on the 12th of February, 1927; that she left home about a week later, and went to a married brother's, who was living at Breckenridge, some 300 miles from where relator and prosecutrix lived. This brother was 26 years of age. Prosecutrix admits that while there she complained to this brother of her father's conduct, but denied to him that relator had ever had intercourse with her. The brother and his wife brought her home, and in the presence of relator and the brother and wife she again denied that relator ever had intercourse with her. She also admits that she had told a number of other people that relator had never had improper relations with her. We think it unnecessary to set out in detail or discuss the evidence. From the entire record and the contradictory and impeaching admissions of prosecutrix, we are not impressed that the evidence supports the judgment remanding appellant without bail. Ruston v. State, 15 Tex. App. 324; Ex parte Lynchard,